FENETTA MCDOUGALL *vs.* WENDELL RICKER, et als.

Androscoggin.    Opinion November 6. 1916.

*Poor debtor's bond.  Common law bond.  Right of Notary Public, who is*
*not a Justice of the Peace, to act as one of the justices in a poor*
*debtor hearing.  Rule of law where the third justice is*
*chosen and one of the three justices leave before final*
*decision.  Section   49,   Chapter   114   of   Re-*
*vised   Statutes   of   Maine.   Statutory   bond.*

This is an action of debt upon a bond given by the defendant to release him
from arrest upon execution.  He pleaded the general issue with brief state-
ment claiming that he had performed one of the conditions of the bond by
disclosing before two justices of the peace within the time provided by
statute and by the terms of the bond.  The case is before us on exceptions
to the direction of a verdict for the defendant.

The bond in question having been approved in writing by the attorney for
the creditor, such approval is a sufficient compliance with the statute re-
quiring, among other forms of approval, that the instrument be "approved
in writing by the creditor."

Where two justices have been chosen and a third justice is called in, because
of a disagreement as to the law governing the case but no disagreement as
to the facts, it is not necessary that the debtor should be re-examined under
oath upon the facts by the third justice.

When the three justices take part in the discussion of the law and upon the
agreement of the third justice with one of the others that the oath should
be administered, that is the final decision, in which all have taken part, and
the withdrawal of a justice after this final decision has been made does not
invalidate the proceedings even though the oath be administered and the
certificate signed by the remaining justices only.

By virtue of the provisions of chapter 58, Public Laws, 1905, a notary public
may act as one of the magistrates, with all the powers of a justice of the
peace, in a poor debtor's disclosure.

Action of debt on a poor debtor's six months bond executed in
accordance with section 49, chapter 114, Revised Statutes of Maine.
Defendant pleaded general issue and brief statement, setting forth
that he had complied with one of the conditions of the bond.  At
conclusion of the evidence, presiding Justice directed a verdict for

the defendant, to which ruling and order, as well as to other rulings, plaintiff filed exceptions.   Exceptions overruled.

Case stated in opinion.

*Jacob. H. Berman, and Benjamin L. Berman,* for plaintiff.

*McGillicuddy & Morey,* for defendants.

SITTING:  CORNISH, KING, BIRD, PHILBROOK, MADIGAN, JJ.

PHILBROOK, J.   This is an action of debt upon a bond given by the defendant to release him from arrest upon execution.   He pleaded the general issue with brief statement claiming that he had performed one of the conditions of the bond by disclosing before two justices of the peace within the time provided by statute and by the terms of the bond.   The case is before us on exceptions.

At the trial below, after the conclusion of the evidence, the presiding Justice directed a verdict for the defendant, to which an exception was allowed and, while other exceptions were allowed and were included in the bill of exceptions, the plaintiff in the argument presented to us stated that he would argue only the exception to the direction of a verdict.   He claims that the evidence did not disclose a legal performance of the condition of the bond by the defendant, for the following reasons:  I.   There was no hearing and examination as required by R. S., chapter 114; II.   The court was illegally constituted and therefore had no jurisdiction.

It appears that the examination at first proceeded before two magistrates, one chosen by the creditor and one by the debtor, and upon their failure to agree, as to whether the oath should be administered to the debtor, a third magistrate was called in.   The evidence seems to establish the fact that upon the arrival of the third justice the debtor was not again sworn in his presence nor was the latter examined by or in the presence of the third justice.   A conference between the three magistrates was held, in which the disagreeing justices stated to the third justice the testimony already given in the examination, and concerning which they agreed as to the facts but differed as to points of law involved.   The third justice agreed with the one called by the debtor.   The one called by the creditor thereupon withdrew and the two remaining justices administered

the oath to the debtor. As already stated, the creditor claims that this proceeding was illegal and of no effect because the debtor was not again sworn and examined in the presence of the third justice, and because the oath was administered by two of the justices after the third had withdrawn.

This brings us to a consideration of *Ross* v. *Berry,* 49 Maine, 434. In that case two justices were chosen and upon their disagreement a third was called in. The court thus constituted proceeded with the disclosure but, before it was concluded, the justice selected by the creditor refused to act any further and withdrew. The creditor also withdrew, leaving a protest. The two remaining justices finished the examination, adjudicated upon it, administered the oath to the debtor and gave him a certificate. It was held that this proceeding was not a legal fulfillment of a statute bond, that the court having been constituted of three members all must act until a final decision, although a majority only make the decision. It has been noted that in the above case there was a dissent, but the dissenting opinion states that the writer concurred in the opinion of the majority that the justices who administered the oath to the debtor had no jurisdiction of the matter, under the statute, after their associate had refused to act. The dissent was upon another branch of the case.

But *Ross* v. *Berry,* supra, differs from the case at bar on the facts. In the former the creditor's justice withdrew before a determination of the questions involved. Not so in the case at bar. In the testimony of the creditor's attorney we find that "after they had decided to give him the oath" the justice withdrew. And again he testified "We both stated the facts, and both agreed on the facts; Judge Brann thinking the law one way, and I ruled the law the other way, and Judge Curran decided with the associate justice, and that overruled me and I withdrew." This was the final decision. Nothing more remained to be decided. All three justices had taken part in the action which led to that final decision. The administration of the oath was not a decision and the majority acted, as they were permitted by law to do, in administering the oath and signing the certificate.

The claim that the debtor should have been re-sworn and examined by the third justice has no merit in the present case.

There was no disagreement as to the facts. The controversy was one of law and that did not necessarily require a further examination of the debtor. He was not there to testify upon points of law.

At this point we should note a contention of the defendant, namely, that the bond in suit was only a common law bond, and not a statutory bond. He bases his contention upon the fact that the bond was approved by the creditor's counsel and not by two justices of the peace, and confidently relies upon *Gould* v. *Ford,* 91 Maine, 146, as sustaining his contention. He must have failed to make a critical examination of that case and of the statute relating to approval of such bonds. As to approval of bonds by justices the statute requires that the approving magistrates shall be chosen one by the debtor and the other by the creditor, his agent or attorney, in the county where the debtor is arrested or imprisoned. In *Gould* v. *Ford,* supra, the court said: "In this case the sureties on the bond appear to have been approved in writing by two disinterested justices of the peace and of the quorum, but there is nothing in their certificate of approval or elsewhere in the bond to indicate by whom either of these justices was selected. As it does not appear that the justices approving the bond were selected according to the directions of the statute, it cannot be treated as a statute bond and it can only be held good at common law." But this does not require that such bonds be alone approved by justices, even when all statutory steps are taken relating thereto. For the bond may be also "approved in writing by the creditor." In the case at bar the approval was done by the attorney for the creditor. That such approval is sufficient is well settled. *Poor* v. *Knight,* 66 Maine, 482; *Scribner* v. *Mansfield,* 68 Maine, 74. We must hold that the bond in suit is a statutory bond, and not one good only at common law, hence the conclusions drawn by the court in *Gould* v. *Ford,* supra, are not applicable to the case at bar.

But another claim of the plaintiff remains to be examined. It appears that the creditor selected a member of the legal profession with the understanding on the part of all that he was a justice of the peace, but before the hearing began it occurred to the mind of the person so selected that his commission as a justice had expired and he so informed the parties, but added that he was a notary public. Both attorneys then agreed that he should hear the dis-

closure in his capacity as notary public. Not now discussing the legal right of the creditor to retract or nullify his own agreement, we think that chap. 58, of the Public Laws of 1905, disposes of that claim. By that enactment the Legislature declared that notary publics "may do all things that justices of the peace are or may be authorized to do." Hence we conclude that the debtor performed one of the conditions of his bond, a statutory bond, and that the mandate must be,

*Exceptions overruled..*